# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA M. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00581-TWP-DML |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 19, 2014, the Magistrate Judge issued her Report and Recommendation that this Court affirm the Administrative Law Judge's ("ALJ") denial of benefits to Plaintiff, Angela M. Caldwell ("Ms. Caldwell") (Filing No. 22). Ms. Caldwell timely filed an objection to the Report and Recommendation, and the Commissioner timely filed her response.

The Court has carefully reviewed the Report and Recommendation and the parties' subsequent submissions. Most notably, it has also considered two recent decisions of the Seventh Circuit Court of Appeals—one issued the same day as the Report and Recommendation and the other issued on September 4, 2014—that bear on the issues presented in this case. For the reasons explained below, the Court **SUSTAINS** the claimant's objections to the Report and Recommendation and **REMANDS** this matter to the Commissioner for proceedings consistent with this Order.

In *Goins v Colvin,* 2014 WL 4073108 (7th Cir. Aug. 19, 2014), and *Browning v Colvin,* 2014 WL 4370648 (7th Cir. Sept. 4, 2014), the Seventh Circuit has emphasized three general concerns that, when applied to this case, warrant remand. In *Goins,* the Court of Appeals criticized the ALJ's uncritical acceptance of the consulting physicians' reports. That defect is evident here in at least two ways. First, the ALJ discredited the report of Ms. Caldwell's treating physician Eric

Jackson, M.D. ("Dr. Jackson"), because it noted limitations not documented by Ann Butsch, M.D. ("Dr. Butsch"), the doctor who performed a one-time physical examination in January 2008 at the Social Security Administration's request. But the ALJ failed to acknowledge that Dr. Butsch's report preceded the reports of two rheumatologists (in April 2008 and April 2009) to whom Ms. Caldwell was referred by Dr. Jackson and preceded both of Dr. Jackson's reports (2009 and 2011). Second, the ALJ also ignored the Appeals Council's remand order to obtain evidence from a medical expert (R. 139). Although the failure to comply with an Appeals Council remand instruction is not in the Seventh Circuit *per se* reversible error, in these circumstances it created a substantive gap in the ALJ's analysis. Here, the ALJ rejected the 2008 residual functioning capacity ("RFC") evaluations by the two Social Security Administration doctors who reviewed Dr. Butsch's report (they had found that Ms. Caldwell could stand and walk for 6 hours in an 8-hour work day), which then pitted Dr. Butsch's one-time evaluation against Dr. Jackson's treating physician opinion. The fact that Dr. Jackson was the only doctor who had the benefit of a long-standing treating relationship and the benefit of the two evaluations by the rheumatology specialists underscored the need for a more recent medical analysis so that the ALJ could make an informed determination of what weight to give Dr. Jackson's report. But rather than seek expert analysis, the ALJ continued to place primary reliance on the old consultative examination and then cherry-picked through the record to support that reliance.

Second, in both *Goins* and *Browning*, the Seventh Circuit found that the ALJ had given "meager attention" to the claimant's obesity. The Court cannot assume that the ALJ appropriately accounted for Ms. Caldwell's obesity in formulating her RFC simply because the ALJ mentioned Ms. Caldwell's obesity in her order. Rather, she should have explained how it had been incorporated or considered in formulating the RFC. This lapse is particularly compelling here:

Ms. Caldwell's body mass index ("BMI") was as high as 55.6. This is an extreme level of obesity. For comparison, the *Goins* court found the ALJ's failure to explicate a clear consideration of obesity required remand when the claimant's BMI was around 38. *Id.* at *4.

Third, in *Goins* and *Browning*, the Seventh Circuit criticized the ALJ's perfunctory analysis of the claimant's credibility. This Court finds similar problems here. For example, the ALJ did not credit Ms. Caldwell's testimony because her complaints of fibromyalgia pain were not substantiated by specific measurable findings. But this criticism makes the ALJ's failure to summon a medical expert to address the more recent medical reports of Dr. Jackson and the rheumatologists more prejudicial. The ALJ also discredited Ms. Caldwell's testimony that she suffered severe fibromyalgia pain before 2008, pointing out that Dr. Jackson's descriptions of her functional limitations "were not applicable until January 2008." That was a mischaracterization of Dr. Jackson's records; they say that Ms. Caldwell's overall medical condition, including fibromyalgia and obesity, have limited her functional capacity (including the inability to sit more than 4 hours in an 8-hour work day) "since January 2008 and possibly longer." That date coincides with the approximate time frame that Dr. Jackson found it necessary to refer Ms. Caldwell to a rheumatologist.

For these reasons, this matter must be **REVERSED** and **REMANDED** to the Commissioner for proceedings consistent with this order. The objections to the Report and Recommendation (Filing No. 22) are **SUSTAINED**.

**SO ORDERED.**

Date: 9/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eddy Pierre Pierre
Law Offices of Harry J. Binder and Charles E. Binder, P.C.
fedcourt@binderlawfirm.com

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov