IUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA M. CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00581-TWP-DML |
| ) | |
| CAROLYN W. COLVIN, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Angela M. Caldwell's ("Ms. Caldwell") Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Filing No. 27). Ms. Caldwell applied for Social Security Disability Insurance Benefits ("DIB") based on diabetes, depression, fibromyalgia, obesity, and mild osteoarthritis. Her application was denied initially, on reconsideration, and again by an Administrative Law Judge ("ALJ"). Ms. Caldwell sought review of the ALJ's decision by the Appeals Council. On review, the Appeals Council vacated the ALJ's decision and remanded her case for further proceedings. The Appeals Council instructed the ALJ to give further consideration to medical opinions in the record, identify limitations related to Ms. Caldwell's severe impairments, obtain evidence from a medical expert, and obtain supplemental evidence from a vocational expert.

At the hearing following remand, the ALJ heard testimony from a vocational expert and Ms. Caldwell, but she did not receive testimony from any medical experts. The ALJ again denied Ms. Caldwell's application for DIB, finding that she was not disabled. Ms. Caldwell again sought review of the ALJ's decision by the Appeals Council. This time, the Appeals Council denied Ms.

Caldwell's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Ms. Caldwell then sought review by this Court on April 8, 2013 (Filing No. 1). On August 19, 2014, the Magistrate Judge issued her Report and Recommendation, recommending that the Court affirm the decision of the ALJ (Filing No. 22). Ms. Caldwell timely objected to the Report and Recommendation (Filing No. 23). On September 15, 2014, the Court sustained Ms. Caldwell's objections, reversed the decision of the ALJ, and remanded her case for additional administrative proceedings (Filing No. 26). As a result of the reversal and remand order, Ms. Caldwell became the prevailing party for purposes of the EAJA. For the following reasons, Ms. Caldwell's Application for Attorney Fees under the EAJA is **GRANTED**.

## I.   DISCUSSION

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney fees if: (1) she was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there existed no special circumstances that would make an award unjust; and (4) she timely filed an application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). In this case, Ms. Caldwell was the prevailing party, her EAJA application was timely filed, and no "special circumstances" were alleged. However, the Commissioner asserts that the Government's position was substantially justified.

Ms. Caldwell seeks compensation for 31.9 hours of attorney time at the adjusted rate of $183.67 per hour for a total of $5,859.08, plus $380.00, representing the $350.00 filing fee and the $30.00 *pro hac vice* fee. The Commissioner does not object to the requested hourly rate, the

amount of time expended, or the total fee request. Instead, the Commissioner objects to any award of attorney fees on the basis that the Government's position was substantially justified.

In determining that an award of attorney fees is appropriate, the Court finds that the Government's position was not substantially justified. The Commissioner has the burden of establishing that the Government's position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Supreme Court has explained "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce*, the court explained that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact." *Id.* at 566 n.2; *see also Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). To evaluate whether the Government's position was substantially justified, the court looks at the Commissioner's prelitigation conduct and litigation positions, and then the court makes one determination as to the entire civil action. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991).

When this Court sustained Ms. Caldwell's objections to the Report and Recommendation and remanded the case, the Court noted that the ALJ improperly discredited the reports of Ms. Caldwell's treating physician and failed to comply with the Appeals Council's remand instructions to obtain evidence from a medical expert. Further, the ALJ neglected to fully explain her findings and analysis regarding Ms. Caldwell's obesity and performed only a perfunctory analysis of Ms. Caldwell's credibility (*see* Filing No. 26).

In defense of the ALJ's decision to discredit the treating physician's reports, the Commissioner argues that reasonable minds may differ as to whether the ALJ supported her consideration of the doctor's opinions with substantial evidence, making her position substantially justified. However, as the Court pointed out in its remand order, the ALJ discredited the report of

Ms. Caldwell's treating physician because the report noted limitations not documented by the doctor who performed an earlier one-time physical examination at the request of the Social Security Administration, but at the same time, the ALJ failed to acknowledge that the one-time physical examination preceded the four other medical reports—all while ignoring the instruction to obtain new medical evidence. An incorrect position can be substantially justified if it possesses "a reasonable basis in law and fact." *Pierce*, 487 U.S. at 565. However, on this point, the Government's position is lacking a reasonable basis in both law and fact.

In its remand order, this Court explained that the ALJ erred when she failed to follow the instructions from the Appeals Council. While failing to comply with an Appeals Council remand instruction is not *per se* reversible error, under the circumstances of this case, the ALJ was not justified in ignoring the order. The ALJ failed to call a medical expert to present crucial, up-to-date information that would allow her to make an informed decision. This left a substantive gap in the ALJ's analysis. This failure to follow the remand instruction resulted in the Commissioner adopting a position that lacked a basis in current medical evidence.

The Court also held that the ALJ only gave "meager attention" to Ms. Caldwell's obesity. The Commissioner argues that the ALJ's failure to provide adequate attention to Ms. Caldwell's obesity was a simple error in articulation and not application. The Commissioner contends that the ALJ reasonably considered Ms. Caldwell's obesity at all steps in the disability evaluation process. However, it is improper for the parties and the Court to assume that the ALJ considered Ms. Caldwell's obesity when the decision does not actually reflect that it was considered. As noted in the Court's remand order, the ALJ failed to provide a thorough analysis demonstrating how the impairment was considered or incorporated into the residual functional capacity determination. The Court is not persuaded by the Commissioner's assertion that reasonable minds could differ as

4

to whether the ALJ reasonably considered Ms. Caldwell's obesity. There is nothing to indicate that the ALJ adequately analyzed or considered the impairment.

Finally, the Court determined that the ALJ performed a perfunctory analysis of Ms. Caldwell's credibility. In considering Ms. Caldwell's subjective statements, the ALJ discredited her testimony because her complaints of pain were not substantiated by any of the out-of-date medical evidence available to the ALJ. This criticism by the ALJ actually made her failure to summon a medical expert more prejudicial and unreasonable. There was no reasonable basis to discredit Ms. Caldwell's testimony based on old medical evidence while failing to follow the Appeals Council's instruction to obtain new medical evidence from an expert.

## II.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Caldwell's Application for Attorney Fees under the EAJA (Filing No. 27). The Court finds the amount of 31.9 hours of attorney time at the rate of $183.67 per hour for a total of $5,859.08 to be reasonable. The Court awards to Ms. Caldwell her attorney fees under 28 U.S.C. § 2412(d) in the amount of $5,859.08 plus $380.00 for the filing fees, totaling $6,239.08, and the Commissioner shall direct that the award be made payable to Ms. Caldwell's counsel consistent with the assignment in the record (Filing No. 28-4) within thirty (30) days of the date of this Entry.

**SO ORDERED.**

Date: 6/8/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eddy Pierre Pierre
LAW OFFICES OF HARRY J. BINDER
AND CHARLES E. BINDER, P.C.
fedcourt@binderlawfirm.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov